UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22205-GAYLES

**THEODORE DUKES,**

        **Plaintiff,**

v.

**INTEGON NATIONAL INSURANCE COMPANY,**

        **Defendant.**

                                                    /

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Theodore Dukes's Motion to Remand (the "Motion") [ECF No. 7]. The Court has considered the Motion and the record and is otherwise fully advised. Because the Court finds that Defendant Integon National Insurance Company cannot establish that the amount in controversy exceeds the requisite jurisdictional amount, the Motion is **GRANTED**.

## BACKGROUND

According to the allegations set forth in the Complaint [ECF No. 3-3] and Notice of Removal [ECF No. 1], Plaintiff had an insurance policy with Defendant (the "Policy"). Plaintiff paid premiums on the Policy through June 10, 2018, when the property sustained direct physical damages from sudden water leaks. Plaintiff made a coverage claim under the Policy. Plaintiff alleges that Defendant failed to adjust or otherwise make a coverage decision within ninety days as required by Florida Statute § 627.70131(5)(a). As such, Plaintiff claims that Defendant breached the Policy by failing to pay for part or all of the covered loss.

Plaintiff filed this one count breach of contract action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on May 1, 2019. [ECF No. 3-3]. The Complaint claimed damages in excess of $15,000.00. [*Id.* ¶ 1]. Defendant removed this action to federal court on May 29, 2019, claiming diversity jurisdiction. [ECF No. 1]. As evidence of the amount in controversy, Defendant pointed to a Sworn Statement in Proof of Loss (the "Statement") that Plaintiff provided during Defendant's claim investigation that placed Plaintiff's damages at $75,339.10. [ECF No. 7-1]. The Statement places the actual cash value of Plaintiff's claim at $72,839.10 after subtracting the deductible of $2,500.00.

## LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

But if there is a dispute regarding the amount in controversy, the burden rests on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 553–54 (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," e.g., because the amount-in-controversy requirement has not been satisfied, "the case shall be remanded." 28 U.S.C. § 1447(c).

The Court must construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

## DISCUSSION

Because diversity of citizenship is not in dispute,[1] the only issue here is whether Defendant has met its burden of demonstrating by a preponderance of the evidence that the amount in controversy is met. The parties agree that Plaintiff's damages fall short of the $75,000.00 needed.[2] Defendant contends that Plaintiff's attorney's fees push his damages over that mark and provides an affidavit to prove it. *See Valladares v. Praetorian Ins. Co.*, No. 16-cv-21678, 2017 WL 272310, at *1 (S.D. Fla. Jan. 20, 2017) (affidavit provided detailed estimation of legal fees needed to reach amount in controversy).

The problem with Defendant's argument is that it relies on attorney's fees as calculated through the entire case. [ECF No. 1-7, ¶¶ 5–6]. Although there is a split in authority about how to calculate attorney's fees at removal when determining if the amount in controversy is satisfied, *Brown v. Am. Exp. Co., Inc.*, 09-cv-61758, 2010 WL 527756, at *7 (S.D. Fla. 2010), this Court agrees that the proper method to do so is by calculating attorney's fees as accumulated at time of removal—and no further. *E.g.*, *Coopersmith v. Scottsdale Ins. Co.*, No. 18-cv-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019) (Gayles, J.) ("Attorney's fees as calculated at the time of

---

[1] Plaintiff is a resident of Florida; Defendant is a North Carolina corporation. [ECF No. 1, at 2].
[2] In addition to providing the Statement placing Plaintiff's damages at $72,839.10, Plaintiff has stipulated in his Motion that he will not seek damages above $75,000.00. [ECF No. 7 ¶ 6]. Plaintiff also points out that Defendant has already paid $2,757.04, bringing Plaintiff's total claim to $70,082.06. [*Id.* ¶ 3]. In its Opposition, Defendant did not contest Plaintiff's calculation of damages nor that the sum falls short, focusing instead on its argument that Plaintiff's attorney's fees make up the difference. [ECF No. 8, at 2].

3

removal may be included in the amount in controversy.") (citing *Hannat v. USAA Gen. Indem. Co.*, No. 17-cv-21754, 2017 WL 4712667, at *2–3 (S.D. Fla. Oct. 19, 2017)); *Vigliarolo v. Geico Gen. Ins. Co.*, No. 13-cv-80767, 2014 WL 2195198, at *1–2 (S.D. Fla. May 27, 2014) ("[A] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." (quoting *Pretka*, 608 F.3d 744, 751 (11th Cir. 2010))); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, No. 10-cv-20052, 2010 WL 2044889, at *3–4 (S.D. Fla. Apr. 21, 2010) ("The Court agrees with the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset.") (citing cases); *see also Luch v. Scottsdale Ins. Co.*, No. 17-cv-21507, 2017 WL 5643314, at *2 (S.D. Fla. June 9, 2017) ("Again, the amount in controversy is 'determined at the time of removal.'" (quoting *Pretka*, 608 F.3d at 751)). This method ensures that courts do not rely on speculation when determining if federal jurisdiction exists and promotes the goal of zealously safeguarding access to federal courts. *See Pretka*, 608 F.3d at 766; *see also Koepp v. Bank of Am.*, No. 807-CV-1755T-24, 2007 WL 3334403, at *1–2 (M.D. Fla. Nov. 7, 2007) (noting that "uncertainties are to be resolved in favor of remand").

Under this standard, the Court cannot exercise jurisdiction over this action because there is no basis to find that Plaintiff's attorney's fees at removal would bring the amount in controversy above $75,000.00. Plaintiff filed her Complaint 28 days before Defendant removed it. The Complaint is simple and straightforward: it brings one count of breach of contract. Moreover, Defendant's affidavit does not address what Plaintiff's fees would be at removal. The affidavit only addresses what the entire cost of the litigation *might* be when all is said and done. [ECF No. 1-7, ¶¶ 5–6]. The Court is therefore free to use its reason and experience when determining the amount of reasonable attorney's fees at removal. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058,

1064 (11th Cir. 2010). Based on the filing of a relatively simple Complaint and absent any indication of pre-removal litigation, the Court cannot find that Plaintiff's pre-removal attorney's fees generated the additional $4,917.94 needed for federal jurisdiction.

\* \* \*

The Court has also considered whether Plaintiff is entitled to attorney's fees and costs as the prevailing party on its Motion pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Galbis v. Praetorian Ins. Co.*, No. 18-cv-23144, 2018 WL 5918911, at \*3 (S.D. Fla. Nov. 13, 2018) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Defendant's position, that this case was removable because attorney's fees should be calculated with respect to the entire litigation for purposes of determining the amount in controversy, was not objectively unreasonable due to the split in authority within the Southern District of Florida. Plaintiff's request for attorney's fees and costs is therefore denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 7] is **GRANTED**. This case shall be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk is directed to mark this case **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE